Tlie opinion of the Court was delivered by
Fenner, J.
The question involved in this case is, whether the owners of property bordering on the river, within the corporate limits of the City of New Orleans, can enjoin tbe city authorities from placing “hitching posts” or clusters of posts along the river hank, in front of their property, with the view of establishing a landing place and furnishing-facilities for the landing, fastening, etc., of coal boats and other water craft.
The grounds of the injunction sought, so far as in the least pertinent, are, that there is no necessity of commerce requiring the placing of such posts; that plaintiffs had already placed, at their own expense, all such posts as were required; that the design of the City is not to facilitate commerce,.but to exact a revenue from commerce; that said action would obstruct tbe free use of tbe banks of the river, and cause deterioration in value to the property of complainants. The banks of rivers are public.
Within the corporate limits, the City of New Orleans, under her charter and under the general law, lias the right to control, manage and administer the use of the river hanks for the public convenience and utility ; to establish wharves and landings; to erect works and provide facilities for the use of vessels and water craft; and to charge just compensation for the use thereof. Riparian proprietors have no right to appropriate to their exclusive use these banks, and they have no private property in the use thereof, which is public. Tbe discretion of tbe city authorities in determining wliat are proper and needed facilities for commerce, and on what part of the river hank, within her limits, they should he established, is manifestly not a proper subject for judicial control or interference. Whatever incidental damage may result to proprietors from the exercise of these unquestionable corporate rights, it is damnum, absgiic injuria.
These principles are elementary and established by numerous *858 authorities. 1 M. 187; 4 M. 10; 3 L. 563; 18 L. 278; 6 R. 349; 2 An. 538; 5 An. 34; 15 An. 657; 26 An. 357; 27 An. 17; 10 An. 171 and 523; 30 An. 190.
This case raises no question as to right of the City to remove the hitching posts which had been established by plaintiffs.
Whether the facilities provided by the City will justify her in charging any, and if so, what wharfage dues from vessels using them, is a question not pertinent here.
Equally impertinent is the validity of the contract under which the employee of the City is doing the work; though it may be added, that there is no evidence supporting the allegation.
Judgment affirmed at appellants’ cost.
Levy, J., absent'.